UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

CHAD S. WILLIAMS *a/k/a* Shad S. Williams,

                          Plaintiff,

          v.                                                    9:26-CV-0068
                                                                (ECC/CBF)
THOMAS DELMAR, et al.,

                          Defendants.

_____

APPEARANCES:

CHAD S. WILLIAMS
Plaintiff, pro se
24-B-4203
Mid-State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

ELIZABETH C. COOMBE
United States District Judge

## DECISION and ORDER

### I.      INTRODUCTION

Plaintiff Chad Williams commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP Application").  By Decision and Order entered on March 10, 2026, the Court granted plaintiff's IFP Application, reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), terminated defendant Delmar from the action, allowed plaintiff's First Amendment retaliation claims against defendant Flack and Eighth Amendment excessive force and failure-to-intervene claims against defendants Wilder and Calderson to survive, and dismissed

1

plaintiff's remaining Section 1983 claims without prejudice.  *See* Dkt. No. 8, Decision and Order ("March 2026 Order").

Presently before the Court is plaintiff's three-paragraph motion for reconsideration. *See* Dkt. No. 11.[1]  Plaintiff argues that the Court incorrectly terminated Superintendent Delmar as a defendant because he "is responsible for the training of the facility officers . . . [one of which] was the causation of the (inability) for th[e] plaintiff to attack (his [state criminal]) sentence, directly or collaterally[.]"  *Id.* at 1.[2]

Liberally construing plaintiff's submission, he first explains why he cannot better articulate the specifics of his claim and then explains why he requires injunctive relief.  First, plaintiff "is a pro se litigant that is suffering from extreme mental-health issues whereas he could not properly format the legal requirements, which would legally justify keeping Mr. Thomas Delmar, as a defendant."  Dkt. No. 11 at 1.  Second, plaintiff is only able to use a typewriter to create his legal submissions and communicate with the Court when he goes to the law library twice a week.  *Id.* at 2.  He concludes that since the time commitment required to represent oneself is immense, he should be entitled to use a typewriter in his housing unit so that he can more zealously and thoroughly represent himself.  *Id.*

## II.    MOTION FOR RECONSIDERATION

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3)

---

[1]  A second, identical copy of this motion was filed with the Court two and a half months later.  *See* Dkt. No. 18.

[2]  Plaintiff's complaint alleged that the state court judge overseeing his criminal trial ordered New York State Department of Corrections and Community Supervision ("DOCCS") officers to provide plaintiff with special law library access, use of a typewriter, and advanced free legal mail in December of 2024.  March Order at 5 (quoting Compl. at 9-10).  Plaintiff's First Amendment access to courts claim was dismissed without prejudice because it "only vaguely alleges that plaintiff was unable to pursue his criminal appeal . . . [or] indicate the outcome of any of plaintiff's other court proceedings, let alone allege that these proceedings were dismissed as a result of his inability to access the law library or send mail."  *Id.* at 13.

it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs*., 709 F.2d 782, 789 (2d Cir. 1983)). A motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp*., 156 F.3d 136, 144 (2d Cir. 1998). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc*., 70 F.3d 255, 257 (2d Cir. 1995).

Here, plaintiff's reasoning does not justify reconsideration of the Court's March 2026 Order. Plaintiff primarily recycles the same arguments that the Court has already dismissed, namely that his constitutional rights were violated by unidentified DOCCS corrections officers' actions in failing to follow a state court judge's order, made in 2024, during plaintiff's state court criminal process. Further, plaintiff continues to assert conclusory allegations against the Superintendent, which remain insufficient to support a 1983 claim for the reasons articulated in the March 2026 Order. Consequently, plaintiff fails to identify controlling decisions, clear error, or manifest injustice that the Court overlooked which would reasonably change the Court's prior decision. In sum, plaintiff's disagreement with this Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007).

Furthermore, plaintiff's conclusory and unsupported assertion of "extreme mental health issues" in his motion for reconsideration introduces a new condition, presented to the Court for the first time. Plaintiff fails to provide any information about what his mental illness is, how it impacts him, and why it prevented him from sufficiently pleading a 1983 claim against Superintendent Delmar. *See Jones v. Attorney General of Arizona*, No. 2:19-CV-

3

5258, 2021 WL 4077485, at *2 (D. Az. Sept. 8, 2021) (denying reconsideration, despite a pro se inmate's claims of "serious documented, diagnosed mental illness," based in part on the inmate's "lack [of] specifics regarding his health[.]").  Moreover, plaintiff's representations are belied by the record.  Specifically, after an initial review, the Court ordered an answer be filed addressing plaintiff's First Amendment retaliation claims against defendant Flack and Eighth Amendment excessive force and failure-to-intervene claims against defendants Wilder and Calderson.  March 2026 Order at 22.  Consequently, plaintiff "has shown himself capable of presenting . . . relevant arguments in support of himself [during] these proceedings," despite his mental illness.  *Jones*, 2021 WL 4077485, at *2.

Simply put, after thoroughly reviewing plaintiff's letter request and affording it due consideration in light of his status as a pro se litigant, the Court finds that plaintiff presents no basis for reconsideration of the March 2026 Order.  Based upon a review of the relevant law and its application to the facts of this case, the Court concludes that its previous decision was legally correct and did not work a manifest injustice.

## III.    MOTION FOR INJUNCTIVE RELIEF

To the extent that plaintiff's submission was intended to be construed as a motion seeking injunctive relief, specifically for an order directing DOCCS to provide plaintiff with a typewriter in his housing unit, the Court notes that plaintiff's request was not filed as a proper motion in accordance with the Local Rules of Practice for this District.  *See* N.D.N.Y L.R. 7.1.

Furthermore, even if this were a proper motion, it would be deficient for at least two reasons.  First, plaintiff's remaining claims in this action are a First Amendment retaliation claim and an Eighth Amendment excessive force and failure-to-intervene claim.  *See* March 2026 Order at 10-11, 15-16, 22-23.  Accordingly, plaintiff's request for a typewriter, a part of

4

his dismissed access to courts claim, bears no relationship to the remaining claims in this action.  *See Candelaria v. Baker*, No. 1:00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) ("To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." (internal quotation marks and citations omitted)); *see also Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Mitchell v. New York State Dep't of Corr. Servs.*, No. 6:06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (denying plaintiff's request for preliminary injunctive relief because "the facts underlying the request for injunctive relief [were] essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context"); *McClenton v. Menifee*, No. 05-CV-2844, 2006 WL 2474872, at *17 (S.D.N.Y. Aug. 22, 2006) (denying motion for preliminary injunction where the underlying claim "[was] not included in the complaint and there [was] no showing that the plaintiff [had] exhausted his administrative remedies with respect to [that] claim").

Second, the individuals capable of executing and enforcing an order to provide plaintiff with a typewriter are not individuals who are parties to this proceeding, and the law is well-settled that a request for injunctive relief against non-parties is available only under very limited circumstances, none of which are clearly present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final,

5

or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction."). In other words, the three remaining defendants could not provide plaintiff with the relief he is seeking. Accordingly, to the extent the Court could liberally construe plaintiff's submission as a request for injunctive relief, it would be denied.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's letter request for reconsideration, Dkt. No. 11, is **DENIED** without prejudice; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:  June 18, 2026

Syracuse, NY

Elizabeth C. Coombe
U.S. District Judge

6